**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.R.J. and N.G.J., individually and as Successors in Interest to MARTIN JACKSON, deceased, by and through their guardian ad litem, Janelle Porter; W.I.J., individually and as Successor in interest to MARTIN JACKSON, deceased, by and through his Guardian ad litem, Crystal Gray; and DEBORAH GORE, individually<br><br>                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.  **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br><br>3.  **Violations of Civil Rights (Cal. Civ. Code § 52.1)**<br><br>4.  **Wrongful Death (Based on Battery)**<br><br>5.  **Wrongful Death (Based on Negligence)** |

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      Plaintiff DEBORAH GORE is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff DEBORAH GORE is the surviving biological mother of decedent MARTIN JACKSON, who lost his life on June 1, 2023 in the deputy involved shooting that forms the basis of the instant civil action.

4.      Plaintiffs Z.R.J., N.G.J., and W.I.J., minors, are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Plaintiffs Z.R.J., N.G.J., and W.I.J. are surviving biological children of decedent MARTIN JACKSON, who lost his life on June 1, 2023 in the deputy involved shooting that forms the basis of the instant civil action.

5.      Plaintiffs Z.R.J., N.G.J., and W.I.J., minors, are Successors in Interest to decedent MARTIN JACKSON, and are entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached to ECF 1 is a declaration designating Z.R.J., N.G.J., and W.I.J. as Successors in Interest to MARTIN JACKSON, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for MARTIN JACKSON, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

6.      Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

7.     Plaintiffs are informed and believe, and there upon allege, that Defendant DOE DEFENDANTS ("DOE DEFENDANTS") are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, DOE DEFENDANTS was a sworn Sheriff's Department Deputy employed by the Defendant COUNTY and the San Bernardino Sheriff's Department.

8.     On or around November 2, 2023, a timely Claim for Damages was submitted to the County of San Bernardino, in substantial compliance with California Government Code § 910, et seq. on behalf of all plaintiffs. At the time of the filing of this Complaint, said Claim has been denied.

9.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

10.     Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

11.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

12.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 455-8205 Telephone . (323) 282-5280 Facsimile

acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## **FACTS COMMON TO ALL COUNTS**

13.    This Complaint concerns a fatal deputy-involved shooting which occurred at approximately 1:26p.m. on Thursday, June 1, 2023 at or around 8810 C Avenue, Unit 244, in the City of Hesperia and the County of San Bernardino. During the subject incident, DOE DEFENDANTS, while acting under the color of law and in the course and scope of their employment with the County of San Bernardino and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted MARTIN JACKSON  ("MR. JACKSON") without having probable cause or reasonable suspicion to believe that he had committed a crime, or would commit a crime in the future.

14.    During the course of the detention of Plaintiffs' decedent, MR. JACKSON, DOE DEFENDANTS negligently assessed the circumstances presented to them, and then violently confronted MR. JACKSON without warning as to the impending use of lethal force. DOE DEFENDANTS then proceeded to assault and batter MR. JACKSON by acts which included, but were not limited to, repeatedly and unjustifiably discharging a department-issued firearm at the person of MR. JACKSON, inflicting multiple gunshot wounds to his person which, after the passage of an appreciable period of time, proved to be fatal. At no time during the course of these events did MR. JACKSON pose any reasonable or credible threat of violence to the responding deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. MR. JACKSON suffered severe injuries as a direct and proximate result of the gunshot wounds inflicted upon his person by DOE DEFENDANTS which, after the passage of an appreciable period of time, proved to be fatal.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

15.     Plaintiffs further contend that DOE DEFENDANTS were negligently hired, trained, and retained by the County of San Bernardino and the San Bernardino County Sheriff's Department, in that it was or should have been plainly obvious to the County of San Bernardino and the San Bernardino Sheriff's  Department that DOE DEFENDANTS were dangerous and violent employees, prone to discharge their firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault and batter, persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the injuries sustained by Mr. Jackson as a result of the subject deputy-involved shooting incident. Plaintiffs further contend that the death of Plaintiffs' decedent and the injuries suffered by Plaintiffs' decedent and Plaintiffs were the proximate result of unconstitutional policies and customs of the County of San Bernardino and the San Bernardino County Sheriff's  Department, which include, but are not limited to, unjustifiably using excessive force, unjustifiably using deadly force against non-dangerous civilians and suspects, inadequately training and supervising patrol deputies with respect to the reasonable and proper use of deadly force, inadequately training and supervising patrol deputies with respect to the reasonable and proper Sheriff procedures for the arrest and detention of mentally ill suspects, as well as the deliberate and conscious approval, endorsement, and ratification of unconstitutional seizures, unconstitutional uses of deadly force, and other unconstitutional acts by authorized final policymakers within the County of San Bernardino and the San Bernardino County Sheriff's Department.

**<u>FOR THE FIRST CAUSE OF ACTION</u>**
**By PLAINTIFFS Z.R.J., N.G.J., and W.I.J,**
**As Successors in Interest to MARTIN JACKSON**
**Against DOE DEFENDANTS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Unreasonable Use of Deadly Force)**

16.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

17.     This cause of action is in part brought on behalf of decedent MARTIN JACKSON, by and through his Successors in Interest, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MARTIN JACKSON by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

18.     At all times mentioned herein, Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown DOE DEFENDANTS. Defendant COUNTY provided its individual employees and agents with official badges and identification cards which designated ad described the bearers as employees of the Defendant COUNTY and the San Bernardino County Sheriff 's Department.

19.     At all times relevant to the acts and omissions herein alleged, all individual defendant deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with Defendant COUNTY and the San Bernardino County Sheriff 's Department.

20.     During the afternoon hours of  June 1, 2023, Plaintiffs' decedent, MARTIN JACKSON, a mentally ill man, was confronted at or around 8810 C Avenue Unit 244 in the City of Hesperia, in the County of San Bernardino, after which Defendant DOE DEFENDANTS, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted MARTIN JACKSON without having probable cause or

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1   reasonable suspicion to believe that MARTIN JACKSON had committed a crime, or

2   would commit a crime in the future.

3        21.    Without warning as the impending use of lethal force, DOE

4   DEFENDANTS proceeded to assault and batter MARTIN JACKSON by acts which

5   included, but were not limited to repeatedly and unjustifiably discharging a department-

6   issued firearm at the person of MARTIN JACKSON in a manner that demonstrated

7   deliberate indifference to his constitutional rights. After a significant and appreciable

8   period of time had passed following the shooting, MARTIN JACKSON died as a direct

9   and proximate result of the gunshot wounds inflicted upon his person by Defendant

10  DOE DEFENDANTS.

11       22.    At no time during the course of these events did MARTIN JACKSON pose

12  any reasonable or credible threat of death or serious bodily injury to DOE

13  DEFENDANTS, nor did he do anything to justify the force used against him, and the

14  same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the

15  time in which he was fatally shot, MARTIN JACKSON posed no reasonable or credible

16  threat of death or serious bodily injury to DOE DEFENDANTS, nor to any other

17  individual. Both prior to and during the time in which he was shot dead, MARTIN

18  JACKSON made no aggressive movements, furtive gestures, or physical movements

19  which would suggest to a reasonable peace officer that he had the will, or the ability, to

20  inflict substantial bodily harm upon any individual. Both prior to and during the time in

21  which DOE DEFENDANTS shot and killed MARTIN JACKSON, DOE

22  DEFENDANTS were not faced with any circumstances which would have led a

23  reasonable peace officer to believe that MARTIN JACKSON posed an immediate threat

24  of death or serious bodily injury to any person.

25       23.    At all times mentioned herein, DOE DEFENDANTS acted under color and

26  pretense of law, and under color of the statutes, ordinances, regulations, policies,

27  practices, customs, and/or usages of the State of California and the Defendant

28  COUNTY. DOE DEFENDANTS deprived MARTIN JACKSON of the rights,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

privileges and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

24.     MARTIN JACKSON had the right to be free from unreasonable governmental seizures of his person, a right which was secured to MARTIN JACKSON, by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of DOE DEFENDANTS, which proximately caused the death of MARTIN JACKSON.

25.     Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of MARTIN JACKSON, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MARTIN JACKSON of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

26.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, MARTIN JACKSON was shot and killed on June 1, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

27.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS on MARTIN JACKSON, Plaintiffs were required to employ, health care providers and/or medical practitioners to examine, treat,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 455-8205 Telephone . (323) 282-5280 Facsimile

and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

28.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

**FOR THE SECOND CAUSE OF ACTION**
**BY ALL PLAINTIFFS**
**Against DOE DEFENDANTS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Substantive Due Process Violations)**

29.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

30.    This cause of action is to redress rights secured to ALL PLAINTIFFS through the Fourteenth Amendment to United States Constitution, and the provisions therein protecting citizens' constitutional rights to be free from invasions of privacy and from unwarranted governmental deprivations into their rights of association with their family members.

31.    In shooting and killing MARTIN JACKSON as described herein, DOE DEFENDANTS acted in a manner unrelated to any legitimate law enforcement objective, and the manner in which DOE DEFENDANTS shot and killed MARTIN JACKSON, when he posed no reasonable threat of violence, would be considered to shock the conscience, considering the gratuitous and unnecessary amount of deadly force employed by DOE DEFENDANTS.  Moreover, the circumstances faced by DOE DEFENDANTS allowed ample time for DOE DEFENDANTS to deliberate as to the propriety of their actions prior to using deadly force, and before making the conscious decision to continue to use deadly force, which was not a snap judgment. Notwithstanding this DOE DEFENDANTS nevertheless made the deliberate decision to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

fire, and continue to fire, multiple rounds at MR. JACKSON in an unlawful manner as described herein.

32.   Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of MARTIN JACKSON, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of DOE DEFENDANTS ' jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MARTIN JACKSON of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

33.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, MARTIN JACKSON was shot and killed on June 1, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, and loss of the value of his life, all to his damage in a sum to be determined at trial.

34.   As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS on MARTIN JACKSON Plaintiffs were required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

35.   Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## FOR THE THIRD CAUSE OF ACTION
### By ALL PLAINTIFFS
### Against DOE DEFENDANTS For Violations of Civil Rights
### [Cal Civ. Code Section 52.1]
### (Based on Civil Rights Violations)

36.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

37.    This cause of action is to redress rights afforded under Cal Civ. Code Section 52.1 and to redress constitutional deprivations associated with the deputy involved shooting discussed in the foregoing paragraphs of this Complaint.

38.    As described in the foregoing paragraphs of this Complaint, in detaining MR. JACKSON in an unreasonable manner, and later inflicting deadly force on multiple occasions, when the repeated instances of which were unnecessary and unjustified, DOE DEFENDANTS used excessive force on multiple occasions, independent of the coercion inherent in the detention as well as in the uses of deadly force which occurred after DOE DEFENDANTS used lethal force against MARTIN JACKSON.

39.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS, MARTIN JACKSON was shot and killed on June 1, 2023, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

40.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DOE DEFENDANTS on MARTIN JACKSON, Plaintiffs were required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

41.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to Cal. Civ. Code Section  57.1, et seq.

### FOR THE FOURTH CAUSE OF ACTION
**By PLAINTIFFS Z.R.J., N.G.J., and W.I.J**
**Against ALL DEFENDANTS for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Battery)**

42.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

43.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

44.     During the subject incident, MARTIN JACKSON, was approached at or around 8810 C Avenue Unit 244 in the city of Hesperia and the County of San Bernardino, when DOE DEFENDANTS, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sherriff 's Department, negligently addressed the circumstances presented to them, and then violently confronted MARTIN JACKSON, without having probable cause or reasonable suspicion to believe that MARTIN JACKSON had committed a crime, or would commit a crime in the future. Without warning, DOE DEFENDANTS proceeded to assault and batter MARTIN JACKSON by acts which included, but were not limited to repeatedly and unjustifiably discharging a department-issued firearm at the person of MARTIN JACKSON, inflicting gunshot wounds, which proved to be fatal.

45.     As a direct and proximate result of the above-mentioned conduct of DOE DEFENDANTS, MARTIN JACKSON was shot on June 1, 2023. After surviving for an appreciable period of time following the shooting, MARTIN JACKSON died as a direct

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

and proximate result of the gunshot wounds inflicted upon his person by DOE DEFENDANTS.

46.     At no time during the course of these events did MARTIN JACKSON pose any immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he shot dead, MARTIN JACKSON made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DOE DEFENDANTS shot and killed MARTIN JACKSON, DOE DEFENDANTS were not faced with any circumstances which would have lead a reasonable Sheriff's Deputy to believe that MARTIN JACKSON posed and immediate threat of death or serious bodily injury to any person.

47.     Plaintiffs are informed, believe, and thereon allege that in shooting MARTIN JACKSON, as described in the foregoing paragraphs of this Complaint, DOE DEFENDANTS acted outside the scope of their jurisdictions and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MARTIN JACKSON of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive damages against DOE DEFENDANTS in an amount to be proven at the trial of this matter.

48.     As a direct and proximate result of the above-described conduct of DOE DEFENDANTS, and the ensuing death of MARTIN JACKSON, all Plaintiffs herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of MARTIN JACKSON in an amount according to proof at trial.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

49.     As a further proximate result of the above-described conduct of DOE DEFENDANTS, and the ensuing death of MARTIN JACKSON, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**FOR THE FIFTH CAUSE OF ACTION**
**By PLAINTIFFS Z.R.J., N.G.J., and W.I.J**
**Against ALL DEFENDANTS for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Negligence)**

50.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

52.     On June 1, 2023, DOE DEFENDANTS, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiffs' decedent, MARTIN JACKSON, without having probable cause or reasonable suspicion to believe that MARTIN JACKSON had committed a crime, or would commit a crime in the future. Without warning, DOE DEFENDANTS proceeded to negligently discharge their department-issued firearms at the person of MARTIN JACKSON, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, MARTIN JACKSON died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by DOE DEFENDANTS.

53.     At no time during the course of these events did MARTIN JACKSON pose any immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor did

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

14

he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, MARTIN JACKSON posed no immediate threat of death or serious bodily injury to DOE DEFENDANTS, nor to any other individual. Both prior to and during the time in which he was shot dead, MARTIN JACKSON made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time, in which DOE DEFENDANTS shot and killed MARTIN JACKSON, DOE DEFENDANTS, were not faced with any circumstances which would have lead a reasonable peace officer to believe that MARTIN JACKSON posed an immediate threat of death or serious bodily injury to any person.

54.    Plaintiff's are informed, believe, and thereon allege that on and before June 1, 2023, DOE DEFENDANTS had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace deputies in the use of deadly force, and a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace deputies in the execution of Sheriff tactics and Sheriff procedures in approaching and/or detaining or arresting civilians and suspects who do not pose an immediate threat of death or serious bodily harm to any person. Notwithstanding each of these duties, upon information and belief DOE DEFENDANTS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving MARTIN JACKSON, negligently failing to utilize available forms of cover during the incident involving MARTIN JACKSON, negligently failing to maintain a position of tactical advantage during the incident involving MARTIN JACKSON, negligently failing to communicate and/or effectively communicate with MARTIN JACKSON, and with other departmental personnel and resources, during the incident

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

involving MARTIN JACKSON, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving MARTIN JACKSON, negligently failing to deescalate the situation involving MARTIN JACKSON, negligently employing a tactical response to the situation involving MARTIN JACKSON that resulted in the unnecessary and preventable shooting of MARTIN JACKSON, negligently failing to determine the fact that MARTIN JACKSON posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon MARTIN JACKSON, as described herein, and negligently employing deadly force against MARTIN JACKSON when the same was unnecessary and unlawful. All of these negligent acts proximately cause MARTIN JACKSON'S death on June 1, 2023.

55.     As a direct and proximate result of the above-described conduct of the Defendants and the ensuing death of  MARTIN JACKSON, Plaintiffs' decedent herein, Plaintiffs have sustained substantial damages resulting from the loss of the love, companionship, comfort, care, assistance, protection affection, society, moral support, training, guidance, services, earnings, and financial support of MARTIN JACKSON in an amount according to proof at trial, and have incurred substantial funeral and burial expenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.      For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.      For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: January 25, 2024              Respectfully submitted,

                                     **THE COCHRAN FIRM CALIFORNIA**


By:  /s/ Brian T. Dunn
     _____
     BRIAN T. DUNN
     Attorneys for Plaintiffs

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

# ATTACHMENTS

### Declaration of Janelle Porter

1.     The decedent's name who is the subject of this action is MARTIN JACKSON.

2.     On June 1, 2023, MARTIN JACKSON lost his life at or around 8810 C. Avenue, Unit #144,
in the City of Hesparia, County of San Bernardino.

3.     No proceeding is now pending in California for the administration of the decedent's
estate.

4.     I am authorized to act on behalf of the decedent's successor in interest (as defined in
Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the
instant wrongful death action.

5.     No other person has a superior right to commence the action or proceeding or to be
substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

Janelle Porter
Declarant

## Declaration of Crystal Gray

1.      The decedent's name who is the subject of this action is MARTIN JACKSON.

2.      On June 1, 2023, MARTIN JACKSON lost his life at or around 8810 C. Avenue, Unit #144, in the City of Hesparia, County of San Bernardino.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the instant wrongful death action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Crystal Gray
Declarant

CERTIFICATION OF VITAL RECORD

# COUNTY of SAN BERNARDINO

## DEPARTMENT OF PUBLIC HEALTH

### 351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

STATE FILE NUMBER 3052023128435

**CERTIFICATE OF DEATH**
USE BLACK INK ONLY / NO WHITEOUTS, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

LOCAL REGISTRATION NUMBER 3202336006848

| | | |
|---|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) MARTIN | 2. MIDDLE LEE | 3. LAST (Family) JACKSON |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy 03/01/1979 | 5. AGE Yrs 44 | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX M |
|---|---|---|---|---|

| 9. BIRTH STATE/FOREIGN COUNTRY CA | 10. SOCIAL SECURITY NUMBER 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 | 11. EVER IN U.S. ARMED FORCES? YES [X] NO | 12. MARITAL STATUS/SRDP (at Time of Death) NEVER MARRIED | 7. DATE OF DEATH mm/dd/ccyy 06/01/2023 | 8. HOUR (24 Hours) 1349 |

| 13. EDUCATION – Highest Level Degree (see worksheet on back) SOME COLLEGE | 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH (If yes, see worksheet on back) YES [X] NO | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) BLACK |

| 17. USUAL OCCUPATION – Type of work for most of life DO NOT USE RETIRED TRUCK DRIVER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) TRANSPORTATION | 19. YEARS IN OCCUPATION 4 |

**USUAL RESIDENCE**

20. DECEDENT'S RESIDENCE (Street and number, or location)
8810 C AVE. # 244

| 21. CITY HESPERIA | 22. COUNTY/PROVINCE SAN BERNARDINO | 23. ZIP CODE 92345 | 24. YEARS IN COUNTY 6 | 25. STATE/FOREIGN COUNTRY CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP DEBORAH L. GORE, MOTHER | 7903 WOODWIND DR., RIVERSIDE, CA 92507 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 27. NAME OF SURVIVING SPOUSE/SRDP–FIRST - | 28. MIDDLE - | 30. LAST (BIRTH NAME) - |

| 31. NAME OF FATHER/PARENT–FIRST MELVIN | 32. MIDDLE - | 33. LAST JACKSON | 34. BIRTH STATE CA |

| 35. NAME OF MOTHER/PARENT–FIRST DEBORAH | 36. MIDDLE LOUISE | 37. LAST (BIRTH NAME) MERRIETT | 38. BIRTH STATE CA |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy 06/27/2023 | 40. PLACE OF FINAL DISPOSITION RIVERSIDE NATIONAL CEMETERY 22495 VAN BUREN BLVD., RIVERSIDE, CA 92518 | |

| 41. TYPE OF DISPOSITION(S) BURIAL | 42. SIGNATURE OF EMBALMER ► SHERECE A WILLIAMS | 43. LICENSE NUMBER EMB9329 |

| 44. NAME OF FUNERAL ESTABLISHMENT COMMUNITY MEMORIAL CHAPEL OF SAN BERNARDINO INC. FD2349 | 46. SIGNATURE OF LOCAL REGISTRAR ► MICHAEL A. SEQUEIRA, MD | 47. DATE mm/dd/ccyy 06/12/2023 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH RESIDENCE | 102. IF HOSPITAL, SPECIFY ONE IP / ER/OP / DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Hospice / Nursing Home/LTC [X] Decedent's Home / Other |

| 104. COUNTY SAN BERNARDINO | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 8810 C AVE. #244 | 106. CITY HESPERIA |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? [X] YES NO |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) ► GUNSHOT WOUND OF THE HEAD | | (A) SECS | 109. BIOPSY PERFORMED? YES NO [X] |
| Sequentially, list conditions, if any, leading to cause (e) Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | | (B) | 110. AUTOPSY PERFORMED? [X] YES NO |
| | | (C) | 111. USED IN DETERMINING CAUSE? [X] YES NO |
| | | (D) | |

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107
NONE

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date) NO | 113A. DECEDENT PREGNANT LAST YEAR? YES [X] NO UNK |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since mm/dd/ccyy   Decedent Last Seen Alive mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |

118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH Natural / Accident [X] / Homicide / Suicide / Pending Investigation / Could not be determined | 120. INJURED AT WORK? YES NO [X] UNK | 121. INJURY DATE mm/dd/ccyy 06/01/2023 | 122. HOUR (24 Hours) 133B |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) HOME | |

124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury)
SHOT DURING LAW ENFORCEMENT ENCOUNTER

125. LOCATION OF INJURY (Street and number, or location, and city, and zip)
8810 C AVE APT 244, HESPERIA, CA 92345

| 126. SIGNATURE OF CORONER / DEPUTY CORONER ►ADRIANNA BUTLER | 127. DATE mm/dd/ccyy 06/09/2023 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER ADRIANNA BUTLER, DEP CORONER |

**STATE REGISTRAR**

| A | B | C | D | | FAX AUTH.# | CENSUS TRACT |

---

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA }
COUNTY OF SAN BERNARDINO } SS

DATE ISSUED **JUN 20 2023**

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.

*Michael A. Sequeira MD*

MICHAEL A. SEQUEIRA, M.D.
COUNTY HEALTH OFFICER
REGISTRAR OF VITAL STATISTICS

PHSCO (Rev) 06/21

**This copy not valid unless prepared on engraved border displaying the date, seal and signature of Registrar.**

*003164787*



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE